# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| THIBODEAUX FAMILY LIMITED PARTNERSHIP | : | DOCKET NO. 06-1626 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ROBERT H. HOLLAND, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

The above-captioned suit was filed on June 9, 2003, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Sometime later, the original action was settled against all defendants, with all defendants reserving their rights against co-defendants, Trinity Universal Insurance Company and Trinity Universal Insurance Company of Kansas (collectively, "Trinity"). ("Petition" for Removal, ¶ 1). On August 23, 2006, Continental Casualty Company filed a cross-claim against Trinity. On September 21, 2006, Trinity removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On October 18, 2006, third-party plaintiff, Continental, filed the instant motion to remand [doc. # 14]. Continental seeks remand on the following grounds: 1) as an incidental defendant, Trinity is precluded from removing the case to federal court; and 2) removal more than one year after commencement of the action is precluded by 28 U.S.C. § 1446(b). We address each in turn.

The Fifth Circuit has held that a third-party defendant may remove a case to federal court pursuant to 28 U.S.C. § 1441(a) when the state court has severed the third party demand from the principal demand. *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir.

1970). Here, of course, the principal demand was not severed from the third-party demand. Instead, the principal demand was apparently dismissed.[1] Is this distinction material? At least one district court has declined to extend *Riegel* under these facts, *ConocoPhillips Co. v. Turner Industries Group, L.L.C.*, WL 213956 (S.D. Tex. 2006). Conversely, at least one other district court has permitted removal of a third-party demand after dismissal of the principal demand. *Johns Pendleton & Associates v. Miranda Warwick & Milazzo*, 2002 WL 31001838 (E. D. La. 9/4/02). We appreciate both sides of the argument.

On the one hand, 28 U.S.C. § 1441(c) directly addresses the removal of a claim joined with one or more otherwise unremovable claims. *See, Riegel, supra.* Yet, § 1441(c) remains inapplicable here because removal was premised on diversity, not federal question jurisdiction. *Id.*, *Ledoux v. Rolls Royce Corporation, et al.*, 2005 WL 1831368 (W.D. La. 7/27/05). On the other hand, when the principal demand is voluntarily dismissed by the plaintiff, it can be likened to a severance due to the finality accorded to the dismissal. *See, Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 -549 (5th Cir.1967)(discussion of voluntary/involuntary rule). Fortunately, we need not resolve these competing arguments, for we find that the instant removal is time-barred.

The Fifth Circuit has recognized that ". . . the second paragraph [of § 1446(b)] applies to those cases which are not removable originally but become removable at a later time . . ." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000)(emphasis added).[2] Yet, pursuant to the second paragraph of § 1446(b), an initially non-removable case may be subsequently

---

[1] Removing defendants have not adduced a copy of the judgment of dismissal.

[2] Trinity does not contest that at the time the instant case was originally filed in state court, it was not removable. (*See*, Opp. Memo., pg. 8).

removed only up to one year after the suit was commenced. 28 U.S.C. § 1446(b).[3] The purpose behind the one year removal limitation is to prevent removal of cases wherein substantial progress has been made in state court. *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998). This bar is not absolute, however, and equity may require extension of the one year limit where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

Trinity argues that the concerns behind § 1446(b)'s one year limitation on removal are absent when, as here, the underlying litigation has been resolved. However, Trinity glosses over the fact that prior to removal, the remaining third-party claim was set for trial in state court. (Notice of Removal, Exh. A). Moreover, discovery was all but complete on the third-party claim, and the parties were considering filing dispositive motions in state court. *Id.*

Unlike *Tedford*, the instant case presents no evidence of manipulation of federal removal jurisdiction by any of the plaintiffs. *Tedford, supra*. In short, the limited circumstances that authorized an exception to § 1441(b)'s one year removal limitation are absent here. We remain ever mindful that federal courts are courts of limited jurisdiction, and that removal statutes must be strictly construed against removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). We decline to extend *Tedford* to the facts of this case.[4]

---

[3] An action "commences" for purposes of section 1446(b) upon the initial filing of the suit by the initial plaintiff. *See, Ardoin v. Stine Lumber Co.*, 298 F.Supp.2d 422, 425 (W.D. La.2003).

[4] In a last gasp effort, Trinity argues that the "revival exception" to § 1446(b) renders the instant removal timely. However, the "revival exception" applies only to removals effected pursuant to the first paragraph of § 1446(b), not the second paragraph. *See, Johnson*,

Plaintiff further seeks the award of costs, expenses, and fees incurred as a result of the removal. 28 U.S.C. § 1447. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* ___ U.S. ___, 126 S.Ct. 704 (2005)

Here, although removal was improvident, we arguably enjoy subject matter jurisdiction. 28 U.S.C. § 1332. Moreover, given the conflict within the Fifth Circuit regarding third-party removals, plus the Fifth Circuit's recognition of an equitable exception to § 1446(b)'s one year removal limitation, we cannot conclude that Trinity lacked "objectively reasonable" grounds to remove the case.[5]

Nevertheless, the Fifth Circuit has recently recognized that a component of "costs" under § 1447(c) are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Followed*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendant has not overcome this presumption.

---

227 F.3d at 243; *Rodriguez v. AC & S, Inc.*, 2001 WL 333101 (E.D. La. 4/4/2001); and *Cosse v. Apcoa Standard Parking, Inc.*, 2002 WL 1339091 (E.D. La. 6/18/2002).

[5] Moreover, lack of removal jurisdiction may be waived if not raised within 30 days of removal.

For the foregoing reasons, we necessarily find that removal was improvident and that remand is required. 28 U.S.C. § 1447(c). Accordingly,

IT IS RECOMMENDED that third-party plaintiff's motion to remand [doc. # 14] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against the removing defendant(s). 28 U.S.C. § 1447(c).[6]

IT IS FURTHER RECOMMENDED that movant's request for costs, expenses, and fees be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

[6] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 29, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE